663 So.2d 250 (1995)
STATE of Louisiana, Appellee,
v.
Nolan Anthony MOORE, Defendant-Appellant.
No. 95-116.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
*251 Charles F. Wagner, Dist. Atty., Thomas Rockwell Willson, Asst. Dist. Atty., for State of Louisiana.
J. Albert Ellis, Alexandria, for Nolan Anthony Moore.
Before: DOUCET, C.J., and YELVERTON and PETERS, JJ.
DOUCET, Chief Judge.
Defendant, Nolan Anthony Moore, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. On April 19, 1994, defendant appeared in court with counsel, waived formal arraignment, and entered a plea of not guilty. Subsequently, on June 10, 1994, defendant filed a Motion to Suppress, which the trial court denied, with written reasons, on November 2, 1994. Thereafter, on November 14, 1994, the state filed a habitual offender bill, the defendant withdrew his former plea of not guilty, reserved a Crosby appeal, and entered a plea of guilty as charged. Additionally, after being informed of his rights, the defendant admitted to being a habitual offender under La. R.S. 15:529.1D(1). Moore was then sentenced to sixty years at hard labor without benefit of parole, probation, suspension of sentence or benefit of good time. Defendant was given credit for time served and informed of the delay for filing for post-conviction relief.
Defendant now seeks review with this court of the trial court's denial of his Motion to Suppress.

ERRORS PATENT
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, all appeals are reviewed by this court for errors patent on the face of the record. No errors patent have been found.

FACTS
On December 21, 1993, the Ice Cream Churn in Forest Hill, Louisiana, was robbed by an unknown male with a gun. On December 21, 1993, the day the armed robbery occurred, the defendant was arrested on an unrelated charge and subjected to a lineup concerning the armed robbery of the Ice Cream Churn. Before the lineup, the defendant requested representation by counsel at the lineup. The state filed a Motion For Appointment of Counsel for the "limited purpose of representing Mr. Moore at the lineup." Counsel was appointed and the lineup was conducted. The defendant was not identified by the victim of the armed robbery. However, defendant remained in jail on the unrelated charge and a probation hold. The next day, December 22, 1993, after determining that a fingerprint recovered from the scene of the armed robbery belonged to the defendant, Detectives Robert Melder and Clyde Terrell of the Rapides Parish Sheriff's Office met with the defendant in jail. After receiving a Miranda warning, defendant waived his rights, signed a waiver of rights form, and gave a full taped confession. Thereafter, a motion to suppress was filed. Said motion was denied by the trial court. On November 14, 1994, the defendant plead guilty to armed robbery and admitted to being a habitual offender.

ASSIGNMENT OF ERROR NO. 1
By this sole assignment of error, the defendant contends the trial court erred in denying his motion to suppress.
The defendant contends that the language "for the limited purpose" in the State's Motion For Appointment of Counsel can have no effect to excuse the subsequent uncounseled interrogation of the defendant since the defendant was not aware of the language in the motion and was of the opinion he was being provided counsel without limitation. The defendant argues his right to counsel was violated by the confession as the state has an affirmative duty not to circumvent or dilute *252 the protection afforded by the right to counsel. State v. Hattaway, 621 So.2d 796 (La. 1993). Thus, defendant contends his confession should be suppressed.
The trial court in its written reasons for judgment stated:
In the present matter, the defendant's Sixth Amendment right to counsel did not vest until the beginning of adverse judicial criminal proceedings concerning the charge of armed robbery. Following the rationale of McNeil and Hattaway, it is the opinion of this Court that the adverse judicial criminal proceedings had not began [sic] at the time the confession was given. Accordingly, the defendant's Sixth Amendment right to counsel did not vest until after he confessed to the charge of armed robbery.
The appointment of counsel for the defendant was for the limited purpose of the identification lineup. Such an appointment of counsel does not constitute an invocation of the defendant's Fifth or Sixth Amendment right to counsel which would prohibit the detectives from subsequently questioning the defendant. When the defendant's rights were read to him, the defendant had the option to have an attorney present for the questioning: however, the defendant chose to waive this right. Therefore, the police interrogation that resulted in the defendant's confession did not violate his Sixth Amendment right to counsel. Also, the defendant's other contentions regarding the suppression of other evidence in this matter are without merit.
The overwhelming weight of jurisprudential authority holds that an accused is not entitled to be represented by counsel at a pre-indictment lineup. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); State v. Bickham, 404 So.2d 929 (La. 1981). Thus, the state was not required to appoint counsel to represent the defendant at the lineup. The only issues for this court to decide is whether counsel should have been appointed to represent the defendant at the interrogation, or whether the counsel appointed for the line-up was still representing the defendant prior to defendant's confession.
A criminal defendant's pre-trial right to counsel does not attach until two conditions have been met. First, the right to counsel "attaches" only after the commencement of "adverse criminal proceedings". Second, the right exists only during pre-trial confrontations that can be considered "critical stages" during adverse judicial criminal proceedings. State v. Hattaway, 621 So.2d at 801.
This court agrees with the trial court's written reasons for judgment on defendant's motion which concludes that "adverse judicial criminal proceedings" had not commenced at the time defendant gave his confession. In McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), a defendant in jail on an armed robbery charge was represented by an attorney at his bail hearing. While in jail on this charge the police visited with the defendant because he was a suspect in a murder committed in another town. The defendant was advised of his Miranda rights, signed a form waiving these rights, and gave several incriminating statements. Defendant was then charged with murder and several related crimes. The defendant alleged his confession should be suppressed because his request for counsel at the bail hearing constituted an invocation of his Fifth Amendment right to counsel which precluded police interrogation on the unrelated and uncharged offenses. The court held that the defendant's invocation of his right to counsel during a judicial proceeding does not constitute an invocation of the right derived by Miranda from the Fifth Amendment's protection against self-incrimination. The court concluded that the right to counsel is offense specific. It attaches at the first formal proceeding against the defendant on a specific charge and that defendant's Sixth Amendment right to counsel "... requires, at a minimum, some statement that can reasonably be construed to be expression of a desire for the assistance of an attorney in dealing with custodial interrogation by the police." Id. at 178, 111 S.Ct. at 2209. We find the present case is akin to McNeil as the defendant was in jail on unrelated charges when he confessed to the present crime. Although *253 the defendant requested an attorney at the lineup, he was not identified at the lineup and remained in jail on charges unrelated to the armed robbery. While the right to counsel had attached in respect to the unrelated charge, we find it had not attached in respect to the armed robbery in that "... it does not attach until a prosecution is commenced, that is, `at or after the initiation of adversary judicial proceedingswhether by way of formal charge, preliminary hearing, indictment, information, or arraignment' [citations omitted]." Id. at 175, 111 S.Ct. at 2207. It is undisputed that at the time the defendant waived the presence of an attorney and confessed to the armed robbery no prosecution had commenced.
Appellant relies heavily on Hattaway, a case in which the defendant had been arrested in Winn Parish for first degree murder, and the court appointed a local attorney to represent him. For reasons not revealed in the opinion, the defendant was moved from Winn Parish where all the criminal charges were pending to Bienville Parish. While at the Bienville Parish jail, the defendant told the jailers he wanted to talk to one of the Winn Parish deputies about his case. The defendant ultimately confessed to a murder.
In reversing the defendant's conviction and death sentence, the Louisiana Supreme Court conducted an exhaustive analysis of federal jurisprudence and noted that a criminal defendant has the right to counsel before trial when adverse judicial criminal proceedings commence and during critical stages in the adverse judicial criminal proceedings. Id. at 801. Once the right to counsel attaches and the defendant has retained or been appointed counsel to represent him, the defendant has the right to rely upon counsel as the medium between himself and the state. Id. at 813. The Hattaway opinion discussed the defendant's right to waive his constitutional right to counsel but, relying upon certain federal cases and cases from other states, it concluded that the police were barred from any interrogation of the defendant after the commencement of adverse judicial criminal proceedings and the appointment or retention of counsel. Id. at 807-808.
We find Hattaway does not apply to the present case. The court in Hattaway noted the defendant was not informed he had a court appointed attorney, that he had a right to talk to this attorney before talking to the officer, nor was the attorney notified that his client was going to be interrogated. Id. at 800. In the present case, defendant did not have appointed counsel and he waived the presence of one prior to confessing. Thus, we find the present case more akin to McNeil than Hattaway.
Compare State v. Van Winkle, 93-843 (La. App. 5 Cir. 3/16/94), 635 So.2d 1177, wherein the fifth circuit said it was following Hattaway, but reached a different result from that dictated by Hattaway and refused to suppress a confession made by defendant after the accused had been represented by counsel (Cesar Vasquez) at her first magistrate hearing. Our brethren of the fifth circuit noted that Mr. Vasquez, the attorney who represented the accused at the magistrate hearing on July 15, 1991, was a screening attorney for the Indigent Defender Board (I.D.B.) whose main function was to attend magistrate court each morning, serve as I.D.B. counsel for any defendants who had not obtained counsel, and to determine if an accused required I.D.B. counsel. After representing Van Winkle at the magistrate hearing and meeting with her, Mr. Vasquez determined that Ms. Van Winkle was in need of I.D.B. representation and so informed the court. By an order dated July 17, 1991, the court appointed I.D.B. attorney Robert Toale to represent Ms. Van Winkle. Between the magistrate hearing and the time Attorney Toale was appointed, the accused cooperated with the police, signed a waiver of rights form and gave her statements. Once the police were informed that Mr. Toale had been appointed to represent the defendant, they ceased any further interrogation.
The defendant in the present case admitted that he knew the attorney appointed by the court was solely for the lineup. Defendant waived his rights before confessing as evidenced by the waiver of rights form signed by the defendant prior to his confession (see State Exhibit 1). The form specifically states that "I do not want a lawyer at *254 this time." Detective Melder testified at the suppression hearing that before questioning the defendant, he explained Mr. Moore's rights to him. Detective Melder further testified that he was convinced, and that the defendant stated that he understood these rights. The defendant also testified he was advised of his right to counsel prior to confessing. There is no evidence in the record of any circumstances which would indicate this express waiver was not knowing and intelligent. Therefore, we find the trial court was correct in denying defendant's motion and in refusing to suppress defendant's inculpatory statements.
For the foregoing reasons, we find this assignment of error lacks merit.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.